UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MINI STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN WANSA a/k/a KEVIN VAN WITT, AND THE MONSTER LIBRARY, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> JANUARY 21, 2026 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF

Plaintiff Mini Studio, Inc. ("**Mini Studio**" or "**Plaintiff**"), by and through undersigned counsel, alleges as follows:

### Nature of the Action

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq., arising from Defendants' unauthorized copying, use, and exploitation of Mini Studio's copyrighted character artwork from the FUZZLETS universe, including Mini Studio's character "PURP."

2. Defendants have created, published, and distributed audiovisual content that copies protectable expression embodied in Mini Studio's copyrighted character artwork and constitutes an unauthorized and infringing derivative work.

3. Defendants' infringing audiovisual work includes, without limitation, the YouTube video titled "Remi & The Lighthouse: The Storm That Changed Everything" available at the following URL: https://www.youtube.com/watch?v=-4H46BKw3ow (the "Infringing Video").

4. Mini Studio seeks injunctive relief to restrain Defendants' ongoing infringement, as well as damages, attorneys' fees, and such other relief as the Court deems just and proper.

## Parties

5. Plaintiff Mini Studio, Inc. is a Delaware corporation with its principal place of business at One World Trade Center, 85th Floor, c/o Servcorp, New York, NY 10007.

6. Defendant Kevin Wansa is an individual residing at 5 Short Street, Westport, CT 06880. Defendant has also held himself out publicly under the name "Kevin Van Witt."

7. Defendant The Monster Library is, upon information and belief, an unincorporated business, brand, and/or alter ego operated by Defendant Wansa and used to publish and monetize audiovisual content online, including on YouTube.

8. At all relevant times, Defendants acted individually and/or in concert and are responsible for the acts alleged herein.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391 because Defendant Wansa resides in this District and may be found in this District.

11.     This Court has personal jurisdiction over Defendants because Defendant Wansa resides in Connecticut and engaged in the infringing conduct complained of herein from Connecticut, including the publication and distribution of the Infringing Video.

### Mini Studio's Copyrighted Work

12.     Mini Studio is the owner of copyright in the character artwork titled "PURP — Character Model Sheet" (the "**PURP Work**"), which depicts and embodies the protectable expression of the PURP character, including its distinctive silhouette and proportions, facial feature configuration, fur and texture presentation, color treatment, and the design and placement of the character's winter hat.

13.     The PURP Work is registered with the United States Copyright Office under Registration No. VAu001569706, with an effective date of registration of January 13, 2026.

14.     Mini Studio is the author and owner of the PURP Work, which was created as a work made for hire by Mini Studio employees acting within the scope of their employment for Mini Studio.

15.     Mini Studio has continuously owned the rights in the PURP Work since its creation.

### Defendants' Infringing Conduct

16.     Defendants created, published, distributed, and publicly displayed the Infringing Video, which contains a character and related expressive elements that are substantially similar to, and unlawfully derived from, Mini Studio's copyrighted PURP Work.

17. The infringement is not limited to general ideas such as "cute creatures," "children's stories," "forest settings," or "wellness themes." Rather, Defendants' character reproduces protected, concrete expressive choices embodied in Mini Studio's copyrighted character artwork, including the specific combination of the character's proportions and silhouette, facial configuration, color treatment, fur and texture presentation, and the winter hat design and placement.

18. The PURP character and Mini Studio's FUZZLETS universe were developed and publicly disseminated by Mini Studio prior to Defendants' publication of the Infringing Video.

19. Upon information and belief, Defendant Wansa was employed by Mini Studio as a full-time employee beginning in or around January 2023, during which time he signed an Employee Confidential Information and Inventions Assignment Agreement and an equity plan agreement that imposed confidentiality, non-competition, and intellectual property assignment obligations in favor of Mini Studio. In that role, he had access to Mini Studio's FUZZLETS character design materials, internal development files, and workflow resources, including materials relating to PURP, and he used Mini Studio equipment and accounts in connection with those duties.

20. Defendants' conduct has caused and continues to cause Mini Studio irreparable harm, including harm to Mini Studio's intellectual property, brand, and market for licensing and distribution opportunities.

### Pre-Suit Notice and Misconduct

21. On February 16, 2024, Mini Studio's outside counsel at Cooley LLP sent Defendant Wansa a written cease-and-desist letter (the "2024 Cease-and-Desist Letter"). The 2024 Cease-and-Desist Letter advised Wansa that Mini Studio had discovered he was unlawfully using and disclosing Mini Studio's confidential information and trade secrets for the benefit of a competing venture branded as "The Monster Library" while still employed by Mini Studio, in violation of his Employee Confidential Information and Inventions Assignment Agreement and his duty of loyalty. The letter notified Wansa that his employment was being terminated for cause, demanded that he cease all work with Monster Library and any other competitor, demanded the prompt return of all company equipment and confidential materials, and put him on notice that Mini Studio would pursue legal action, including injunctive relief, if he did not comply.

22. Despite receiving the 2024 Cease-and-Desist Letter and being expressly instructed to cease all work with Monster Library and to stop using Mini Studio's confidential information, Defendants continued to operate The Monster Library and to exploit a character that is substantially similar to Mini Studio's PURP character, including by publishing and maintaining the Infringing Video. Defendants' infringement is therefore knowing and willful.

### YouTube DMCA Takedown and Counter-Notification

23. On or about January 2, 2026, Mini Studio submitted a copyright takedown notice to YouTube under 17 U.S.C. § 512 regarding the Infringing Video. In response, YouTube removed or disabled access to the Infringing Video.

24.     On January 9, 2026, YouTube notified Mini Studio that Defendant Wansa had submitted a counter-notification under 17 U.S.C. § 512(g) contesting the takedown. In that counter-notification, Wansa asserted under penalty of perjury that the removal of the Infringing Video was the result of a mistake or misidentification, claimed that he independently created the video and that it does not copy any copyrighted work owned by Mini Studio, and consented to the jurisdiction of this Court. YouTube's notice stated that, absent evidence of a filed lawsuit seeking to restrain the alleged infringement, YouTube may reinstate the Infringing Video after ten (10) business days.

25.     This action is filed within that statutory window and seeks, among other relief, an order restraining Defendants' continued infringement, including distribution of the Infringing Video at https://www.youtube.com/watch?v=-4H46BKw3ow.

### Irreparable Harm and Need for Injunction

26.     Defendants' infringement is ongoing and threatens continued harm to Mini Studio's exclusive rights, including rights to prepare derivative works and to control the marketplace for the PURP character and the FUZZLETS universe.

27.     Mini Studio lacks an adequate remedy at law because unauthorized online distribution causes immediate and difficult-to-quantify harms, including loss of control, dilution of distinctiveness, and impairment of licensing value.

28.     Unless restrained by this Court, Defendants will continue to infringe Mini Studio's copyrighted work.

## CLAIM FOR RELIEF

### COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

29.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 28 as if fully set forth herein.

30.   Mini Studio owns valid copyrights in the PURP Work, including Registration No. VAu001569706.

31.   Defendants, without authorization, copied protected expression embodied in the PURP Work and created and distributed an infringing and/or derivative audiovisual work, including the Infringing Video located at https://www.youtube.com/watch?v=-4H46BKw3ow.

32.   Defendants have infringed Mini Studio's copyrights in violation of 17 U.S.C. § 501, including Mini Studio's exclusive rights under 17 U.S.C. § 106.

33.   As a result of Defendants' infringement, Mini Studio has suffered and will continue to suffer damages in an amount to be proven at trial.

34.   Defendants' infringement was willful, intentional, and undertaken with knowledge of Mini Studio's rights, including after receipt of the 2024 Cease-and-Desist Letter described above.

## PRAYER FOR RELIEF

WHEREFORE, Mini Studio respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A.   Declaring that Defendants have infringed Mini Studio's copyrights in the PURP Work;

B.    Entering preliminary and permanent injunctive relief restraining Defendants, and all those acting in concert with them, from copying, distributing, displaying, exploiting, or creating derivative works based on the PURP Work and the PURP character expression embodied therein, including continued distribution of the Infringing Video at https://www.youtube.com/watch?v=-4H46BKw3ow;

C.    Ordering Defendants to remove, disable access to, and/or cease distribution of infringing materials within their control;

D.    Awarding Mini Studio damages pursuant to 17 U.S.C. §§ 504 and 505, including statutory damages to the extent available, and attorneys' fees and costs; and

E.    Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

PLAINTIFF – MINI STUDIO, INC.

By: *(signature)*

Andy I. Corea – ct25925
acorea@harrisbeachmurtha.com

HARRIS BEACH MURTHA CULLINA PLLC
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone:  203.772.7700
Facsimile:   203.772.7723
Its Attorneys