Sept. 1, 1977

# Inter-Regional Financial Group, Inc. v. Cyrus Hashemi

Court of Appeals for the Second Circuit

**Citations:** 562 F.2d 152, 22 U.C.C. Rep. Serv. (West) 483, 1977 U.S. App. LEXIS 11712
**Docket Number:** 991, Docket 77-7026
**Judges:** Van Graafeiland, Mehrtens, Pierce
**Other Dates:** Argued May 26, 1977.

## Headmatter

INTER-REGIONAL FINANCIAL GROUP, INC., Plaintiff-Appellee, v. Cyrus HASHEMI, Defendant-Appellant.
No. 991, Docket 77-7026.
United States Court of Appeals, Second Circuit.
Argued May 26, 1977.
Decided Sept. 1, 1977.
*153 Frank W. Murphy, Norwalk, Conn. (Slavit, Connery & Vardamis, Norwalk, Conn., of counsel), for defendant-appellant.
Paul E. Knag, Stamford, Conn. (Cummings & Lockwood, Stamford, Conn., of counsel), for plaintiff-appellee.
Before VAN GRAAFEILAND, Circuit Judge, and MEHRTENS * and PIERCE ** , District Judges.

*
Of the Southern District of Florida, sitting by designation.

↩ **
Of the Southern District of New York, sitting by designation.

↩

## Combined Opinion by Pierce

PIERCE, District Judge:
This is an appeal from an order entered in the United States District Court for the District of Connecticut, Jon 0. Newman, Judge, which granted plaintiff's motion for a prejudgment attachment and for an order directing the defendant to deliver into the custody of the clerk of the court certain stock certificates to be attached to secure a judgment sought in a breach of contract action. We affirm.

I.

Plaintiff, Inter-Regional Finance Group (Inter-Regional) commenced this diversity action to recover damages from the defendant, Cyrus Hashemi (Hashemi), for an alleged breach of an indemnity agreement. The complaint alleges that pursuant to a loan agreement dated November 28, 1975, Coronado Group, Ltd., a company of which Hashemi was then president, borrowed $250,000 from the Banque Scandinave en Suisse. The loan was secured by an irrevocable letter of credit, applied for and obtained by Inter-Regional from the First National Bank of St. Paul (First National). In its application for the letter of credit, Inter-Regional agreed to reimburse First National for any payments made pursuant to the letter of credit.

The complaint further alleges that to secure performance by Coronado, Hashemi subsequently entered into an indemnity agreement with Inter-Regional whereby Hashemi was to reimburse Inter-Regional for any payments made to First National. On July 15, 1976, First National paid $250,-000 to Banque Scandinave en Suisse under the letter of credit, and on the same date was reimbursed by Inter-Regional. It is alleged that Inter-Regional thereafter unsuccessfully sought indemnity from Hashemi.

The complaint filed in this action was accompanied by an application for a prejudgment remedy calling for the attachment of certain of Hashemi's personal property and an "injunction" requiring Hashemi *154 to bring certain securities into the state for the purpose of attachment. Plaintiff sought an order to show cause, which was issued by Judge Zampano, with a temporary restraining order enjoining the defendant from transferring any of his securities. The application for the prejudgment remedy

was referred to Judge Newman, who twice extended the restraining order and scheduled the matter for a prejudgment hearing pursuant to Conn.Gen.Stat.Ann. § 52-278d. After the hearing, Judge Newman made a finding of "probable cause" that Inter-Regional would succeed on the merits and that plaintiff would suffer irreparable harm unless the order as sought by plaintiff was entered. Judge Newman thereafter issued an order on December 28, 1976 directing the defendant to surrender to the deputy clerk of the United States District Court in Bridgeport, Connecticut, certificates evidencing publicly traded, marketable securities owned by him, with an aggregate market value of $312,500, or, if the defendant did not own such publicly traded, marketable securities, he was directed to surrender privately traded securities or a combination of publicly and privately traded securities to be attached in the manner authorized by the court. The defendant appeals from this order.

II.

As a general rule, orders granting, denying, continuing or vacating attachments are not reviewable either as final orders pursuant to 28 U.S.C. § 1291, interlocutory orders pursuant to 28 U.S.C. § 1292(a)(1) or, under the "collateral order" exception provided by *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546 (/opinion/104695/cohen-v-beneficial-industrial-loan-corp/#546), 69 S.Ct. 1221 (/opinion/104695/cohen-v-beneficial-industrial-loan-corp/), 93 L.Ed. 1528 (/opinion/104695/cohen-v-beneficial-industrial-loan-corp/) (1949). See *W. T. Grant Co. v. Haines,* 531 F.2d 671, 678 (/opinion/333894/w-t-grant-company-v-mark-s-haines-and-john-a-christensen/#678) (2d Cir. 1976); *Rosenfeldt v. Comprehensive Accounting Service, Corp.,* 514 F.2d 607, 610 (/opinion/326942/david-b-rosenfeldt-and-diane-rosenfeldt-v-comprehensive-accounting/#610) (7th Cir. 1975) (Stevens, J.); *West v. Zurhorst,* 425 F.2d 919, 920 (/opinion/289934/wallace-g-west-and-claudia-m-west-v-charles-s-zurhorst-and-susan-m/#920) (2d Cir. 1970) (Friendly, J.). However, here the order of the district court required the defendant to do more than simply surrender the certificates to the custody of the clerk of the court to be attached. The defendant was first required to bring the certificates into the State of Connecticut from their locations in other states, and indeed, even in other countries. Since the transportation of the certificates into the state was a necessary step preceding the actual attachment, we find that the district court below and the parties correctly treated the December 28th order as an injunction. 1 Cf. *Rosenfeldt, supra,* 514 F.2d at 609 (/opinion/326942/david-b-rosenfeldt-and-diane-rosenfeldt-v-comprehensive-accounting/#609). As such, it is appealable pursuant to 28 U.S.C. § 1292(a)(1).

III.

Having concluded that the order is an injunction and thus appealable, we turn to appellant's arguments that the district court did not have the authority under Connecticut law to direct him to bring securities into the state in aid of an attachment and that he was denied due process.

Rule 64 Fed.R.Civ.P. makes available to federal district courts all remedies providing for the seizure of property to secure satisfaction of judgment in the same manner as is provided by the law of the state in which the court is sitting. Under Connecticut law, the prejudgment remedy of attachment is authorized by § 8-317 of the Uniform Commercial Code, Conn.Gen. Stat.Ann. § 42a-8-317. 2 Although this *155 section requires that there be actual physical possession and control of the stock certificates by the sheriff before the attachment is perfected, see *Neifeld v. Steinberg,* 438 F.2d 423, 432 (/opinion/294888/david-neifeld-v-meyer-steinberg-david-neifeld-v-meyer-steinberg/#432) (3d Cir. 1971), subdivision (2) of the statute authorizes the court to issue an injunction in aid of the attachment which may take the form of a mandate requiring the defendant to bring the certificates into the state, as was done here, and to deliver them into the actual physical control and possession of the sheriff. 3 See *Fleming v. Gray Manufacturing Co.,* 352 F.Supp. 724, 726 (/opinion/2004454/fleming-v-gray-manufacturing-company/#726) (D.Conn.1973); Cf. *Frost v. Davis,* 288 F.2d 497, 499 (/opinion/253552/jack-frost-and-hidrocarburos-de-cuba-s-a-v-arthur-vining-davis/#499) (5th Cir. 1961); *Wilson v. Columbia Casualty Co.,* 118 Ohio St. 319 (/opinion/4026908/wilson-v-columbia-casualty-co/), 160 N.E. 906 (/opinion/4026908/wilson-v-columbia-casualty-co/) (1928). But see, *Nederlandsche Handel-Maatshappij, N. V.* v. *Sentry Corp.,* 163 F.Supp. 800, 803 (/opinion/1748647/nederlandsche-handel-maatschappij-n-v-v-sentry-corp/#803) (E.D.Pa. 1958). Directly on point is the *Fleming (/opinion/2004454/fleming-v-gray-manufacturing-company/)* case which the court below relied upon as support for its interpretation of Connecticut law on prejudgment attachments. Further support is found in the Comment 2 of the Uniform Commercial Code, which is re-codified in the Connecticut statute. The citation of *Hodes v. Hodes,* 176 Or. 102 (/opinion/4082539/hodes-v-hodes/), 155 P.2d 564 (/opinion/4082539/hodes-v-hodes/) (1945) therein makes it evident that the drafters of the Code envisioned the exact procedure as was employed by the district court. In *Hodes (/opinion/4082539/hodes-v-hodes/),* the court in proceeding under the Code's precursor, the Uniform Stock Transfer Act, directed that a debtor-husband, who had failed to pay support, deliver certain stock located in another state to the Oregon sheriff. Moreover, it appears that even prior to *Hodes (/opinion/4082539/hodes-v-hodes/),* one Connecticut court issued a similar order to a defendant in order to facilitate the perfection of a prejudgment attachment. See *White v. Leary,* 6 Conn.Supp. 37 (/opinion/3366295/white-v-leary/) (1938). We find, therefore, that Judge Newman properly interpreted the Connecticut statute as authorizing the injunction issued.

Appellant's claim that he was denied procedural due process is without merit. He was afforded prior notice of plaintiff's motion for prejudgment remedy and an injunction, given an opportunity to be heard on the motion at a prejudgment hearing held in compliance with *Bell v. Burson,* 402 U.S. 535, 540 (/opinion/108341/bell-v-burson/#540), 91 S.Ct. 1586 (/opinion/108341/bell-v-burson/), 29 L.Ed.2d 90 (/opinion/108341/bell-v-burson/) (1971), and provided with an opportunity for discovery. The actions

of the district court in this regard complied with due process requirements. See *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601 (/opinion/109137/north-georgia-finishing-inc-v-di-chem-inc/), 95 S.Ct. 719 (/opinion/109137/north-georgia-finishing-inc-v-di-chem-inc/), 42 L.Ed.2d 751 (/opinion/109137/north-georgia-finishing-inc-v-di-chem-inc/) (1975); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600 (/opinion/109023/mitchell-v-w-t-grant-co/), 94 S.Ct. 1895 (/opinion/109023/mitchell-v-w-t-grant-co/), 40 L.Ed.2d 406 (/opinion/109023/mitchell-v-w-t-grant-co/) (1974); *Fuentes v. Shevin,* 407 U.S. 67 (/opinion/108568/fuentes-v-shevin/), 92 S.Ct. 1983 (/opinion/108568/fuentes-v-shevin/), 32 L.Ed.2d 556 (/opinion/108568/fuentes-v-shevin/) (1972).

Thus, finding appellant's arguments to be without merit, we hold that the December 28th order issued by the district court met the requirements of Connecticut law with respect to prejudgment attachment.

Affirmed.

1
. Although plaintiff-appellee argues on this appeal that the December 28th order is not an injunction and therefore not appealable, the papers submitted on plaintiffs behalf in the district court, not only contemplated the issuance of a mandatory injunction but specifically referred to the order sought as an "injunction".

↵ 2
. § 8-317 provides in relevant part:

> (1) No attachment or levy upon a security or any share or other interest evidenced thereby which is outstanding shall be valid until the security is actually seized by the officer making the attachment or levy but a security which has been surrendered to the issuer may be attached or levied at the source. (2) A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to *155 property which cannot readily be attached or levied upon by ordinary legal process.

↵ 3
. § 52-289 Conn.Gen.Stat.Ann. also authorizes prejudgment attachments. However, this statute has long been interpreted as allowing a levy only upon stock of corporations incorporated in Connecticut under the now timeworn rationale that ownership in stock existed only at the situs of the corporation. See, e. g., *Winslow v. Fletcher,* 53 Conn. 390 (/opinion/6701880/winslow-v-fletcher/), 4 A. 250 (/opinion/6701880/winslow-v-fletcher/) (1886). Appellant relies heavily upon this interpretation of the statute in support of his argument. However, Judge Newman specifically rejected the notion that § 52-289 had any application to the facts of the instant case since none of the companies involved were Connecticut corporations. Thus, we find this reliance by appellant to be misplaced.

↵