**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MINI STUDIO, INC., | CASE NO. 3:26-cv-00103-SFR |
| Plaintiff/Counter Defendant, | |
| v. | |
| KEVIN WANSA, ET AL. | |
| Defendants/Counter Claimants, | |
| v. | |
| YOUMNA CHAMCHAM, | |
| Counter Defendant. | April 3, 2026 |

**COUNTER DEFENDANTS MINI STUDIO, INC. AND YOUMNA CHAMCHAM'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Counter Defendants Mini Studio, Inc. and Youmna Chamcham hereby provide their answer and affirmative defenses.

**Count One: Defamation Per Se**

1.      Admitted that The Monster Library LLC is a Connecticut limited liability company. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 1 and therefore deny them.

2.      Admitted.

3.      Admitted.

4.      Denied.

5.      Admitted that Kevin Wansa a/k/a Kevin Van Witt ("Wansa") worked for Mini Studio, Inc. ("Mini Studio"). The balance of the allegations in paragraph 5 are denied.

6. Admitted that a part of Mini Studio's business includes the use of AI tools to assist with animation of its original, creative content. The balance of the allegations in paragraph 7 are denied.

7. Admitted.

8. Admitted that Wansa worked directly with Youman Chamcham at Mini Studio. The balance of the allegations in paragraph 8 are denied.

9. Denied.

10. Denied.

11. Admitted that Mini Studio has alleged that The Monster Library and Wansa have committed copyright infringement. The balance of the allegations in paragraph 11 are denied.

12. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 12 and therefore deny them.

13. Admitted.

14. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 14 and therefore deny them.

15. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 15 and therefore deny them.

16. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 16 and therefore deny them.

17. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 17 and therefore deny them.

18. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 18 and therefore deny them.

19.    Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 19 and therefore deny them.

20.    Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 20 and therefore deny them.

21.    Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 21 and therefore deny them.

22.    Admitted that Youmna Chamcham ("Chamcham") is the CEO of Mini Studio and sent a direct message to Caroline Ingeborn, the COO of Luma AI. The balance of the allegations in paragraph 22 are denied.

23.    Admitted that Chamcham's message partially stated: "started that shadow account copying all our content… making the same posts and videos for us and for his own." The balance of the allegations in paragraph 23 are denied.

24.    Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 24 and therefore deny them.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Admitted that on January 2, 2026, Mini Studio submitted a copyright takedown notice to YouTube under the DMCA regarding Monster Library's Infringing Video: "Remi & The Lighthouse: The Storm That Changed Everything." Admitted that Mini Studio informed the Chroma Award committee that the Remi character embodied in "Remi & The Lighthouse: The Storm That Changed Everything." was an infringing derivative of Mini Studio's PURP Work. The balance of the allegations in paragraph 28 are denied.

29. Denied.

30. Denied.

31. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 1 and therefore deny them.

32. Denied.

33. Denied.

34. Denied.

35. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 36 and therefore deny them.

36. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 37 and therefore deny them.

37. Denied.

38. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 38 and therefore deny them.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

4

48.   Denied.

49.   Denied.

50.   Admitted that Mini Studio derives revenue from interstate commerce. Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 50 and therefore deny them.

51.   Denied.

### Count Two: Tortious Interference with Business Expectancies

52.   Counter Defendants incorporate by reference their responses to paragraphs 1 through 29 of Count One as if set forth fully herein.

53.   Denied.

54.   Denied.

### Count Three: CUTPA Violation

55.   Counter Defendants incorporate by reference their responses to paragraphs 1 through 32 of Count One and Two as if set forth fully herein.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied that the allegations are an accurate and/or complete characterization of the law.

61.   Denied.

62.     Admitted that the Mini Studio workflow starts with a human artist. Admitted that some of Mini Studio's workflow can include the use of generative AI and prompts. The balance of the allegations in paragraph 62 are denied.

63.     Denied.

64.     Denied that the allegations are an accurate and/or complete characterization of the law.

65.     Denied that the allegations are an accurate and/or complete characterization of the law.

66.     Admitted that a Mini Studio employee received while employed at Mini Studio a decision from the Copyright Office concerning a copyright registration for a work created prior to the employee's employment at Mini Studio. The balance of the allegations of paragraph 66 are denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Admitted that on January 2, 2026, Mini Studio submitted a copyright takedown notice to YouTube under the DMCA regarding Monster Library's Infringing Video: "Remi & The Lighthouse: The Storm That Changed Everything." The balance of the allegations of paragraph 72 are denied.

73.     Admitted.

74.     Admitted that Mini Studio filed an application for copyright registration for "PURP – Character Model Sheet."

75.     Admitted.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Admitted.

80.     Denied.

81.     Denied.

82.     Denied that the allegations are an accurate and/or complete characterization of the law.

### Count Four: Wage Theft

83.     Admitted that Wansa began working for Mini Studio as an independent contractor with a title of Marketing and Creative Director in or around December 2022. Admitted that Wansa later transitioned to a full-time, exempt employee of Mini Studio with a title of Marketing and Creative Director. Admitted Wansa's employment with Mini Studio ended in February 2024. The balance of the allegations of paragraph 83 are denied.

84.     Admitted that Mini Studio was a software and technology company, and a part of Mini Studio's business included the use of AI tools to assist with animation of its original, creative content. The balance of the allegations in paragraph 84 are denied.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.    Admitted.

89.    Counter Defendants lack knowledge or information sufficient to form a belief about the truth of the balance of the allegations in paragraph 1 and therefore deny them.

90.    Denied.

91.    Admitted that Wansa was paid $4,000 for work performed in December 2022. The balance of the allegations of paragraph 91 are denied.

92.    Denied.

93.    Denied.

94.    Denied that the allegations are an accurate and/or complete characterization of the law.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied that the allegations are an accurate and/or complete characterization of the law.

**Count Five: Failure to Issue Vested Equity**

100.    Denied.

101.    Admitted.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Admitted that Wansa's employment with Mini Studio was terminated on February 16, 2024 and his account access was revoked because he was running a competing business while employed by Mini Studio. The balance of the allegations of paragraph 107 are denied.

## Affirmative Defenses

**First Affirmative Defense**

Any and all allegedly defamatory statements were true or substantially true.

**Second Affirmative Defense**

1.    To the extent the Counterclaims are based on alleged statements by Counter Defendants, such statements are barred in whole or in part because they constituted, as applicable, protected opinion, rhetorical hyperbole, substantially true statements, nonactionable characterizations, and/or good-faith assertions of Mini Studio's factual and legal positions concerning suspected misconduct, infringement, and misuse of Mini Studio's confidential information and intellectual property.

2.    Further, to the extent any alleged statements were made on an occasion of qualified privilege, including communications made to protect Mini Studio's own business, legal, and commercial interests or to persons with a corresponding interest in the subject matter, such statements are privileged absent abuse, which is denied.

3.    Further, to the extent any counterclaim is premised on allegations, statements, or filings made in the course of this action or other judicial proceedings, such counterclaim is barred in whole or in part by the litigation privilege.

**Third Affirmative Defense**

Counter Claimants' counterclaims are preempted in whole or in part by the Copyright Act, 17 U.S.C. § 301.

**Fourth Affirmative Defense**

To the extent that Counter Claimant Wansa was an employee of Mini Studio, Counter Claimant Wansa was exempt from Connecticut minimum wage and overtime laws.

**Fifth Affirmative Defense**

Counter Claimant Wansa's Connecticut wage and overtime claims are barred in whole or in part by the applicable statute of limitations.

**Sixth Affirmative Defense**

1.	While employed at Mini Studio, Counter Claimant Wansa owed Mini Studio a duty of loyalty, including but not limited to duties to act in Mini Studio's best interests, to deal with third parties in the interests of Mini Studio and not himself, to not usurp opportunities of Mini Studio, to not use or disclose confidential information other than for the benefit of Mini Studio, and to not compete with Mini Studio.

2.	Counter Claimant Wansa breached his duties to Mini Studio in numerous ways, including but not limited to:

a.	Failing to act in the best interests of Mini Studio at all times;

b.  Surreptitiously communicating with the operator of The Monster Library Instagram account;

c.  Failing to notify Mini Studio about the opportunity to acquire The Monster Library Instagram account;

d.  Acquiring The Monster Library Instagram account;

e.  Using or disclosing Mini Studio's confidential and proprietary information other than for the benefit of Mini Studio, including by creating content that was similar and competitive with Mini Studio content; and/or

f.  Competing with Mini Studio as The Monster Library.

3.  Counter Claimant Wansa's actions were knowing, deliberate, and intentional violations of his duties to Mini Studio, and Counter Claimant Wansa should be required to disgorge and/or forfeit all the benefits he received as a result of, and during the period of, his disloyal activities, including but not limited being required to disgorge The Monster Library Instagram account, The Monster Library brand, all content he created using Mini Studio's information, disgorgement of any salary and compensation he was paid, and any other profits, revenues, business opportunities, and other benefits derived from The Monster Library account, The Monster Library business, and content created, distributed, or monetized through the misuse of Mini Studio's confidential information.

**Seventh Affirmative Defense**

1.  As a condition of his employment, Counter Claimant Wansa executed an "Employee Confidential Information and Inventions Assignment Agreement" (CIIAA).

11

2.      Counter Claimant Wansa materially breached his obligations to Mini Studio, including by:

a.  Breaching Section 1 of the CIIAA by disclosing and using Confidential Information other than in connection with his work for Mini Studio, and by retaining Mini Studio's information for uses that were outside the scope of his duties for Mini Studio.

b.  Breaching Section 4 of the CIIAA by, without Mini Studio's written consent, engaging in employment and/or business activities that are or were competitive with, and conflicted with, his employment by Mini Studio.

c.  Breaching Section 6 of the CIIAA by directly or indirectly performing, providing, assisting with, and/or continuing Conflicting Services through "The Monster Library" and The Monster Library LLC within the one-year period after the date his employment with Mini Studio ended.

d.  Breaching Section 9 of the CIIAA by failing to deliver to Mini Studio all of its information upon his termination, and for deleting information without delivering a copy to Mini Studio, including the direct messages in the Mini Studio Instagram account.

3.      As a result, Counter Claimant Wansa is not entitled to recover for any alleged breaches of contract.

4.      Pursuant to Section 10.2 of the CIIAA, Mini Studio is entitled, to the extent it is successful in whole or in part, to recover from Counter Claimant Wansa the costs, fees, and expenses incurred in enforcing the CIIAA, including reasonable attorneys' fees.

**Eighth Affirmative Defense**

The grant of any option to purchase equity to Wansa was expressly subject to board approval, and the Mini Studio board never approved an option grant to Wansa.

**Ninth Affirmative Defense**

To the extent that Wansa had an option to purchase equity under the terms of the Mini Studio 2022 Equity Incentive Plan, under Section 5(k) of the Plan, he forfeited his option upon his termination for cause.

**Tenth Affirmative Defense**

To the extent that Wansa had an option to purchase equity under the terms of the Mini Studio 2022 Equity Incentive Plan, he never exercised or attempted to exercise his option.

**Eleventh Affirmative Defense**

1. The Counterclaims are barred in whole or in part because Counter Claimants cannot establish that any alleged act or statement of Counter Defendants was the proximate cause of the alleged losses, and because the alleged damages are remote, contingent, speculative, not recoverable as a matter of law, and/or incapable of proof with reasonable certainty, including without limitation alleged lost investments, lost awards, lost business opportunities, lost future deals, and other expectancy-based damages.

2. To the extent any alleged losses occurred, such losses were caused in whole or in part by the acts, omissions, decisions, knowledge, business judgments, or independent conduct of

Counter Claimants and/or third parties, and not by any actionable conduct of Counter

Defendants.

**Twelfth Affirmative Defense**

The Counter Claimants are not entitled to damages in whole or in part to the extent that

they failed to mitigate their alleged damages.

COUNTER DEFENDANTS MINI
STUDIO, INC. AND YOUMNA
CHAMCHAM

*/s/ Damian K. Gunningsmith*
Damian K. Gunningsmith
Federal Bar No. ct29430
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Phone: (203) 777-5501
Fax: (203) 784-3199
dgunningsmith@carmodylaw.com