**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

MINI STUDIO, INC.,                                    3:26-cv-00103-SFR

       Plaintiff/Counterclaim Defendant,

v.

KEVIN WANSA, ET AL.

       Defendants/Counterclaim Plaintiffs,

v.

YOUMNA CHAMCHAM,

       Counterclaim Defendant.                    2026-04-09

**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:           2026-01-21

Date Complaint Served:          Defendants voluntarily appeared and answered prior to

                                    service or waiver of service.

Date of Defendant's Appearance:   2026-02-11

      Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on 2026-03-23. The participants were: Damian Gunningsmith for plaintiff/counter defendant Mini Studio, Inc. and counter defendant Youmna Chamcham, and Alan Harrison for defendants/counter claimants Monster Library and Kevin Wansa.

**I. Certification**

      Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiff's Claims:

This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. $$ 101et seq.

The Plaintiff presently intends to move to amend its Complaint to assert additional claims and to add The Monster Library LLC as a party defendant. The proposed First Amended Complaint will assert claims for (1) breach of duty of loyalty, (2) breach of contract, (3) trade secret misappropriation, (4) copyright infringement, and (5) unfair trade practices.

This Court will have subject matter jurisdiction over Plaintiff's claim of violation of the Defend Trade Secrets Act pursuant to 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.

In addition or in the alternative, this Court will have subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

In addition or in the alternative, this Court will have supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Counter Claimants' Counterclaims:

The Court will have subject matter jurisdiction over all counterclaims pursuant to 28

U.S.C. § 1332 because the matter in controversy for each claim exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different States.

**B. Personal Jurisdiction**

Personal jurisdiction is not contested.

### III. Brief Description of Case

**A. Claims of Plaintiff/Defenses of Counter Defendants:**

Plaintiff alleges that Defendant Wansa is a former employee of Mini Studio whose

employment was terminated when it was discovered that he was surreptitiously competing with

Mini Studio while employed by Mini Studio. Following his termination, he has systematically

used Mini Studio's confidential and proprietary information to copy Mini Studio's content, and

distribute it using the business name The Monster Library, which he subsequently organized as a

Connecticut limited liability company.Plaintiff further alleges that the Defendants created,

published, distributed, and publicly displayed an Infringing Video, which contains a character

and related expressive elements that are substantially similar to, and unlawfully derived from,

Mini Studio's copyrighted PURP Work.

The proposed First Amended Complaint will assert claims for (1) breach of duty of

loyalty, (2) breach of contract, (3) trade secret misappropriation, (4) copyright infringement, and

(5) unfair trade practices.

Plaintiff seeks money damages, disgorgement of all benefits Defendants received,

forfeiture of compensation and benefits of employment, damages for unjust enrichment for trade

secret misappropriation, a reasonable royalty for trade secret misappropriation, an order

requiring transfer to Mini Studio of any social-media accounts, account access, business assets,

3

or brand assets acquired, developed, controlled, or operated through Wansa's breach of duty, breach of contract, or misuse of Mini Studio's Confidential Information or trade secrets; punitive damages, attorneys' fees, and injunctive relief.

**B. Defenses of Defendant:**

1. plaintiff cannot have a valid copyright in work produced by generative AI;

2. defendants had no access to the allegedly infringed work at the time that defendants created the allegedly infringing work;

3. there is not substantial similarity between the allegedly infringed work and the allegedly infringing work;

4. the processes developed by Defendant Wansa for use by Mini Studio became common knowledge in the industry through no fault of Wansa, before he left employment with Mini Studio;

5. the non-compete provision is void under the law of Plaintiffs' domicile;

6. the confidentiality provision is void under the law of Plaintiffs' domicile to the extent it would prohibit defendant Wansa engaging in an otherwise lawful trade profession or business;

7. Plaintiffs suffered no damages from the alleged breach of loyalty, or cannot substantiate any damages from the alleged breach of loyalty;

8. offset.

**C. Defendants/Counterclaim Plaintiffs Counterclaim that Plaintiffs/Counterclaim Defendants:**

1. defamed defendants;

2. tortiously interfered with defendants' business expectancies;

3. unfairly competed with defendants;

4

4. stole wages from defendant Wansa;

5. failed to issue vested equity to defendant Wansa.

Defendants seek money damages and injunctive relief.

## IV. Statement of Undisputed Facts

Plaintiff and Defendant's counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties expect that the discovery process will enable them to reach an agreement with respect to a number of facts prior to trial, and that at present, the only facts which are or will be undisputed are those that are or will be specifically admitted by Defendant in its Answer to the Complaint, and by Counter Defendants in their Answer to the Counterclaims.

## V. Case Management Plan:

**A. Initial Disclosures**

Initial disclosures will be served by April 24, 2026.

**B. Scheduling Conference**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C. Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with the magistrate judge.

5

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff contends that it should be allowed until April 10, 2026 to file motions to join additional parties and until April 10, 2026 to file motions to amend the pleadings. Defendants contend that the March 18, 2026 deadline to amend the pleadings or join additional parties should not be modified. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) do not need to join additional parties. Defendants request until April 30, 2026 to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

<u>Plaintiff's Position:</u> Discovery in this case will likely include third-party discovery given that it appears likely that Defendant has deleted communications and information that demonstrate his

disloyalty. In addition, given the nature of the claims, it may be necessary to conduct forensic examination of various electronic devices and accounts.

<u>Defendant's Position (if different):</u>  Discovery in this case will likely include third-party discovery as to plaintiff's defamation of defendants.

b. The parties anticipate that discovery will be needed on the following subjects:

<u>Plaintiff's Position:</u>

1.  Wansa's employment at Mini Studio.

2.  Wansa's purported timekeeping.

3.  Wansa's communications with The Monster Library Instagram account.

4.  Wansa's acquisition of The Monster Library Instagram account.

5.  Wansa's actions doing business as The Monster Library.

6.  Wansa's organization of The Monster Library LLC.

7.  The Monster Library's content, and its copying of Mini Studio's content.

8.  Wansa's breaches of his duties to Mini Studio.

9.  Any benefits Wansa received from his breaches.

10.     Wansa's breaches of his contractual obligations to Mini Studio.

11.     Defendants' interactions and communications with investors and potential investors.

12.     Defendants' generation of the Infringing Video;

13.     Defendants' distribution of the Infringing Video;

14.     Plaintiff's damages.

15.     Counter Claimants' alleged damages.

Defendants' Position:

1. generation of the PURP? character including timeline.

2. generation of the deposit provided with the PURP? copyright application including timeline.

3. generation of the Remi character including timeline.

4. Mr. Wansa's access to Mini Studio files and electronics from January 2023 until publication of the PURP? character in December 2024.

5. Ms. Chamcham's communications with third parties about Mr. Wansa and Monster Library.

6. Mini Studios cap tables and equity vesting plans.

7. Mini Studios directors meetings and resolutions.

8. Mini Studios investors.

9. Mini Studios employee timekeeping practices.

10. Mini Studios damages apportioned to each count.

11. Mini Studios understanding of copyright protection for AI-generated works.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by May 1, 2026 and completed (not propounded) by February 5, 2027.

d. Discovery will not be conducted in phases.

e. n/a

f. The parties anticipate that the plaintiff will require a total of 6-10 depositions of fact witnesses and that the defendant(s) will require a total of 7 depositions of fact witnesses. The depositions will commence by May 1, 2026 and be completed by November 1, 2026.

8

g. The parties do not presently anticipate needing to request permission to serve more than 25 interrogatories.

h. Plaintiff is still evaluating whether expert witnesses will be required, and currently anticipates that it will likely call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by September 25, 2026. Depositions of any such experts will be completed by October 23, 2026.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by November 20, 2026. Depositions of such experts will be completed by January 22, 2027.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 28, 2026.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information (ESI):

If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. The parties shall confer in good faith on the scope of the search terms used.

ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party shall make all reasonable efforts to preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the

10

preservation, disclosure and management of such information: the producing party will either scan original documents or photograph objects and will produce the scans or photographs as provided above, while safeguarding the originals for possible inspection by the discovering party.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Specifically, if a producing party withholds production of any records on the basis of privilege, within 30 days of production, the producing party shall provide a privilege log. The parties agree to follow the terms of the Standing Protective Order for asserting claims of privilege after inadvertent production. (ECF No. 7)

**F. Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case: none.

**G. Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before March 5, 2027.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 2, 2027.

**VI. TRIAL READINESS**

The case will be ready for trial by April 30, 2027.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

11

PLAINTIFF/COUNTER DEFENDANT
MINI STUDIO, INC. AND COUNTER
DEFENDANT YOUMNA CHAMCHAM

DEFENDANTS/COUNTERCLAIM
PLAINTIFFS KEVIN WANSA AND
MONSTER LIBRARY LLC


/s/ Damian K. Gunningsmith
Damian K. Gunningsmith
Federal Bar No. ct29430
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Phone: (203) 777-5501
Fax: (203) 784-3199
dgunningsmith@carmodylaw.com

s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460