**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MINI STUDIO, INC.,

      Plaintiff/Counter Defendant,

v.

KEVIN WANSA, ET AL.

      Defendants/Counter Claimants,

v.

YOUMNA CHAMCHAM,

      Counter Defendant.

CASE NO. 3:26-cv-00103-SFR

April 15, 2026

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD ADDITIONAL PARTY DEFENDANT

Plaintiff Mini Studio, Inc. ("Plaintiff" or "Mini Studio") moves pursuant to Federal Rules of Civil Procedure 15(a), 16(b), 20 and 21, and Local Rule 7(f), for leave to amend its Complaint in this matter and to add The Monster Library, LLC as an additional party defendant. There is good cause for granting Mini Studio the relief it requests for several reasons: (1) Mini Studio has been diligent in seeking to amend because this case is still in its early stages, no scheduling order has yet been entered, and no discovery has yet occurred; (2) there will be no prejudice to the Defendants from the proposed amendments because the added claims in the proposed First Amended Complaint encompass the same issues raised in the Counterclaims and the Affirmative Defenses to the Counterclaims; (3) it will be substantially more efficient to permit the amendments rather than requiring Mini Studio to file a separate lawsuit to pursue the claims alleged in the proposed amendments; and (4) joining The Monster Library LLC as a party resolves a discrepancy between the parties identified in the Complaint and the Counterclaims.

Accordingly, the Court should grant this Motion and permit Mini Studio to file its proposed First Amended Complaint and add The Monster Library, LLC as an additional party defendant.

### Background

#### A. Procedural History

On January 21, 2026, Mini Studio initiated this action by filing a single-count complaint for copyright infringement against Defendants Kevin Wansa and The Monster Library—identified in the Complaint as "an unincorporated business, brand, and/or alter ego operated by Defendant Wansa" (*See generally* Compl, & ¶ 7, ECF No. 1.) Following the filing of the Complaint, the Court issued its standing Order on Pretrial Deadlines, providing that: "[a]ll motions relating to joinder of parties or amendment of the pleadings shall be filed within the latest of the following: (i) 35 days after the appearance of the last defendant or (ii) 60 days after the filing of the complaint . . . ." (ECF No. 5.)

On February 11, 2026, the Defendants filed an Answer and Counterclaims. (ECF No. 14.) The Counterclaims allege that "Monster Library is a Connecticut LLC that does business throughout the country." (Counterclaims ¶ 1, ECF No. 14.) The Defendants/Counter Claimants did not seek leave to add or otherwise substitute The Monster Library LLC as a party.

Notably, the Counterclaims substantially expanded the scope of the issues in this case, alleging counts for: (1) defamation, (2) tortious interference, (3) a CUTPA violation, (4) breach of contract, and (5) failure to pay wages. The Counterclaims all generally arise from the same set of core facts, namely, Defendant Wansa's prior employment at Mini Studio and his/The Monster Library's subsequent competition with Mini Studio following the termination of Wansa's employment with Mini Studio. In connection with its Counterclaims, the Counter Claimants moved for a prejudgment remedy.

2

On February 25, 2026, undersigned counsel appeared for Plaintiff/Counter Defendant Mini Studio and Counter Defendant Youmna Chamcham, and on March 3, 2026, Mini Studio's prior counsel moved to withdraw. (ECF Nos. 16, 17 & 18.) On March 4, 2026, undersigned counsel moved to extend the Counter Defendants' deadline to respond to the Counterclaims to April 3, 2026. (ECF No. 20.) The Court granted the motion to extend and the motion to withdraw. (ECF Nos. 21 & 22.)

On March 18, 2026, the Court referred the Counter Claimants' motion for prejudgment remedy to Judge Spector. (ECF No. 24.) On March 23, 2026, counsel for the parties conducted a Rule 26(f) conference. During the conference, Plaintiff/Counter Defendants' counsel discussed with Defendants/Counter Claimants' counsel that there exists an arbitration agreement between the parties for claims arising from or related to Defendant Wansa's employment at Mini Studio, and noted that the Plaintiff/Counter Claimants were contemplating a motion to compel arbitration on the Counterclaims.

On March 23, 2026, the parties attended a conference with Judge Spector regarding scheduling on the Motion for Prejudgment Remedy. It was discussed during the hearing that the Counter Defendants might move to compel arbitration. The Counter Claimants' counsel indicated that even if the case were moved to arbitration, the Counter Claimants would still pursue their Motion for Prejudgment Remedy in this Court. Following the hearing, the Counter Claimants have further evaluated whether to pursue a motion to compel arbitration, and have concluded that pursuing all claims in this proceeding would be the most efficient path to resolution of the parties' overall disputes.

On April 3, 2026, the Counter Defendants filed their Answer and Affirmative Defenses to the Counterclaims. (ECF No. 33.) The Affirmative Defenses that the Counter Defendants have

3

raised include, among others, that the Counter Claimant Wansa breached his duty of loyalty to Mini Studio (Sixth Affirmative Defense), breached his contractual obligations to Mini Studio (Seventh Affirmative Defense), and forfeited his alleged option to purchase equity under the terms of the Mini Studio 2022 Equity Incentive Plan (Ninth Affirmative Defense).

On April 9, 2026, the parties filed a 26(f) report. (ECF No. 26.) In that 26(f) report, Plaintiff proposed a deadline to file motions to amend the pleadings as April 10, 2026.[1] The Court has not acted on that 26(f) report to set a schedule in this matter.

**B. The proposed First Amended Complaint.**

The proposed First Amended Complaint, attached as Exhibit 1 to the Motion, alleges claims for (1) breach of duty of loyalty against Wansa, (2) breach of contract against Wansa, (3) trade secret misappropriation against Wansa and The Monster Library LLC, (4) copyright infringement against Wansa and The Monster Library LLC, and (5) unfair competition against Wansa and The Monster Library LLC, together with related statutory claims and remedies arising from the same core facts already at issue in this action. Significantly, each of these claims arises from the same core facts as the Counterclaims and the Affirmative Defenses to the Counterclaims—Wansa's prior employment with Mini Studio, and Wansa's subsequent competition with Mini Studio as The Monster Library.

In addition, the proposed First Amended Complaint clarifies—consistent with the Counterclaims—that Wansa previously was doing business as "The Monster Library" and subsequently organized The Monster Library LLC as a Connecticut limited liability company. It

---

[1] This April 10, 2026 proposed deadline was initially proposed by the Defendants/Counter Claimants in the first draft of the 26(f) report circulated between the parties. Only after the Plaintiff's counsel shared a draft of the proposed First Amended Complaint with the Defendants' counsel—to comply with the local rule on motions to amend complaints—did the Defendants' counsel alter their proposed deadline to be consistent with the Standing Order.

4

therefore corrects the identification of The Monster Library LLC in the original Complaint, and also corrects the discrepancy between the original Complaint and the Counterclaims—in which The Monster Library is alleged to be a limited liability company as opposed to an unincorporated business, brand, and/or alter ego of Wansa.

Plaintiff's counsel shared a draft of the proposed First Amended Complaint with the Defendants' counsel on March 30, 2026. On March 31, 2026, Defendants' counsel indicated that they do not consent to the filing of the proposed First Amended Complaint.

**Legal Standard**

"The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).

First, if a plaintiff seeks to amend within the periods prescribed in Rule 15(a)(1)(A), the plaintiff may do so as of right. Fed. R. Civ. P. 15(a)(1)(A). Second, after the period ends for amendment as of right, the plaintiff must move for leave to amend. Fed. R. Civ. P. 15(a)(2). "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote*, 9 F.4th at 115 (citations omitted). Third, if the court issues a scheduling order providing a deadline for amendment, after the deadline passes, the plaintiff must move for leave to amend and demonstrate "good cause" to modify the scheduling order under Rule 16(b)(4). *Sacerdote*, 9 F.4th at 115 (citations omitted).

In this third period, "a court must balance the standard set out in Rule 16(b)(4) with that of Rule 15 to evaluate the permissibility of the proposed amendment." *L. Z. v. BigAirBag B.V.*,

721 F. Supp. 3d 169, 177 (D. Conn. 2024). The primary consideration in determining if good cause exists is the moving party's diligence, but courts may consider other relevant factors. *See id.* The standard that governs amendments to the pleading in this context, likewise govern motions to join additional parties under Rule 21. *See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016) ("Where, as here, a scheduling order governs amendments to the complaint, the Second Circuit has held that the lenient standard under Rule 15(a) or Rule 21 must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (citation omitted).

## Discussion

There is good cause to grant this motion and order that the Plaintiff has leave to amend the pleading and join The Monster Library LLC as a party defendant for the following reasons. First, Mini Studio has been diligent in seeking this amendment. This case is still in its infancy. The Court has not yet entered a scheduling order, and no discovery has yet occurred. Moreover, Mini Studio's Motion is filed just mere weeks after the deadline to file a motion to amend and add parties under the standing Order on Pretrial Deadlines, and potentially days after the proposed deadline in the 26(f) report.

Further, the impetus for the proposed First Amended Complaint is Counter Claimant's filing of Counterclaims that substantially broadened the scope of the issues in dispute. Moreover, in the relatively short period between the filing of the Counterclaims, Mini Studio secured successor counsel, evaluated whether to move the Counterclaims to arbitration, and has prepared and filed a response to the Counterclaims. Therefore, it cannot be reasonably disputed that Mini

6

Studio has been diligent given the substantial activity in this case in a relatively short period of time.

Second, there will be no prejudice to the Defendants from the amendments. As discussed above, no scheduling order has been set, and no discovery has occurred. Moreover, the issues raised in the proposed First Amended Complaint will be part of the case regardless of whether they are affirmative claims as set forth in the proposed First Amended Complaint or instead as part of the already-in-the-case Affirmative Defenses. Either way, the scope of the case and discovery will not be materially different if the amendments are permitted.

Third, it will be substantially more efficient to permit the amendments so that the issues can be litigated in a single case. Mini Studio intends to pursue the additional claims alleged in the proposed First Amended Complaint regardless of whether it is permitted to amend its Complaint in this proceeding. As a result, denying the amendment will unnecessarily multiply these proceedings, increasing complexity as multiple suits on the same issues will exist, causing risks of inconsistent judgments, and creating inefficiency in discovery.

Finally, the amendments resolve the facial discrepancy between the parties to this suit and the purported party pursing the Counterclaims—The Monster Library LLC. The Defendants/Counter Claimants did not explain why they objected to joining The Monster Library LLC as a party despite the fact that they purport to allege claims on behalf of The Monster Library LLC. Indeed, there is no good explanation, and their refusal to consent to adding The Monster Library LLC demonstrates only an intent to obstruct the orderly adjudication of this case.

In sum, given Mini Studio's diligence, the lack of prejudice to the Defendants, the inefficiencies if the amendment are not permitted, and the issues in the identification of the

parties, the Court should conclude that good cause exists for granting Mini Studio leave to file its proposed First Amended Complaint and to summon The Monster Library LLC as a party defendant.

PLAINTIFF MINI STUDIO, INC.

*/s/ Damian K. Gunningsmith*
Damian K. Gunningsmith
Federal Bar No. ct29430
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Phone: (203) 777-5501
Fax: (203) 784-3199
dgunningsmith@carmodylaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM-ECF System.

*/s/ Damian K. Gunningsmith*
Damian K. Gunningsmith