**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MINI STUDIO, INC., | CASE NO. 3:26-cv-00103-SFR |
| Plaintiff/Counter Defendant, | |
| v. | |
| KEVIN WANSA, ET AL. | |
| Defendants/Counter Claimants, | |
| v. | |
| YOUMNA CHAMCHAM, | |
| Counter Defendant. | April 17, 2026 |

**COUNTER DEFENDANTS' OBJECTION TO**
**COUNTER CLAIMANTS' MOTION FOR DISCOVERY**

Plaintiff/Counter Defendant Mini Studio, Inc. ("Mini Studio") and Counter Defendant

Youmna Chamcham ("Chamcham") oppose Defendants/Counter Claimants' Motion for

Discovery in Support of Prejudgment Remedy. (ECF No. 31.) As discussed more fully below, the

Court should deny Counter Claimants' Motion because it fails to establish good cause for the

requested relief.

Federal Rule of Civil Procedure 26(d) "provides that a party to a civil action may not seek discovery before the parties have conferred as required by Rule[] 26(f), except in certain limited categories of case exempted from the initial disclosure rules 'or when authorized ... by [Court] order.' " *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (quoting Fed. R. Civ. P. 26(d)). "In deciding whether to grant such an order, the district court must determine whether 'good cause' exists." *Directory Assistants, Inc. v. Doe*, No. 3:10CV548(CFD), 2010 WL 10128887, at *1 (D. Conn. Apr. 28, 2010). In determining good cause, "it makes sense to examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ayyash*, 233 F.R.D. at 327. Requests for early discovery should be "reasonably tailored to the time constraints under which both parties must proceed or to the

specific issues that will have to be determined at" any preliminary proceedings. *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996).

*McCarter & Eng., LLP v. Jarrow Formulas, Inc.*, No. 3:19CV01124 (MPS), 2019 WL 10630388, at *1 (D. Conn. Aug. 23, 2019). The Court should conclude that the Motion fails to establish good cause for the discovery sought for each of the following reasons.

First, the Counter Claimants have failed to comply with Local Rule 37. Under Local Rule 37(a), no discovery motion may be filed "unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail." At no time prior to filing the Motion did Counter Claimants' counsel discuss the discovery requested in the Motion with Counter Defendants' counsel. Nor did the Counter Claimants' counsel raise the issue of needing early or expedited discovery during the preliminary conference with Judge Spector. Indeed, had the Counter Claimants raised this issue prior to filing the Motion, the Counter Defendants would have explained, as discussed below, that the Motion is unnecessary, wasteful, and inefficient because discovery is already open.

Second, as mentioned above, the Motion is unwarranted because discovery is already open in this matter. On March 23, 2026, the parties conducted a Rule 26(f) conference. *See* ECF No. 36, Rule 26(f) Report. Accordingly, the Counter Claimants have been entitled to begin discovery since that time. *See* Fed. R. Civ. P. 26(d)(1). The Court need not permit *early* discovery because the routine discovery period is already open. Moreover, despite discovery being open, the Counter Claimants have not served any discovery on Mini Studio or Chamcham in the three weeks since discovery has been opened. The Counter Claimants should not now be permitted to compress discovery into an abbreviated window ahead of the prejudgment remedy hearing when they have failed to exercise their discovery rights. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these

2

rules or by local rule if it determines that: . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; . . . .").

Third, the Counter Claimants' Motion does not seek reasonably tailored discovery in view of the time constraints and nature of the prejudgment remedy hearing. In their Motion, Counter Claimants vaguely request that the Court permit discovery concerning eight categories of information and request the Court to permit the Counter Claimants to issue an unspecified number of subpoenas for an unspecified number of document requests and an unspecified number of depositions. No part of the discovery requested in the Motion is reasonably tailored.

The topics are not tailored. For example, Counter Claimants broadly seek information about "what Youmna Chamcham has told third parties regarding Mini Studio and Kevin Wansa" and "[t]]he decision-making around the a16z Speedrun interviews held October 15, 2024." These vague and overbroad topics arguably encompasses the entirety of the allegations in the defamation counterclaim and the derivative tortious interference and CUTPA counterclaims. *See Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 421 (D. Conn. 2013) ("A probable cause hearing for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim.") (internal citations and quotation marks omitted). Moreover, the Motion does not seek permission to serve only a limited number of document requests limited to the topics for which discovery is sought.

The form of discovery is overbroad. The Counter Claimants seek not only document discovery but also seek deposition testimony without explaining why expedited deposition testimony would be appropriate. *See, e.g., McCarter & Eng., LLP*, 2019 WL 10630388, at *3 (D. Conn. Aug. 23, 2019) ("At this early stage, plaintiff need only produce written materials.").

Moreover, the Motion does not include reasonably tailored limits on the number, length, or subject matter for the requested depositions.

The request for third-party discovery is also not justified. Once again, the Motion does not even attempt to explain why expedited third-party discovery would be appropriate. Indeed, third parties subject to subpoenas would normally be entitled to the full panoply of protections afforded under Rule 45. The Motion fails to articulate any reason why a third party should be burdened at this early stage of the case in view of the limited nature of a prejudgment remedy hearing, or why routine first party discovery would not be sufficient.

Finally, other than a conclusory statement that the discovery is needed to "adequately put on the case at the evidentiary hearing," the Counter Claimants do not attempt to explain why that is so. Notably, not one of the verified-under-oath allegations of the Counterclaims is made upon "information and belief." Therefore, the Counter Claimants presumably already have actual evidence to support all of their allegations, and presumably do not *need* any discovery to establish probable cause at the prejudgment remedy hearing.

Accordingly, the Court should deny Counter Claimants' Motion for Discovery in Support of Prejudgment Remedy.

PLAINTIFF/COUNTER DEFENDANT
MINI STUDIO, INC. AND COUNTER
DEFENDANT YOUMNA CHAMCHAM

*/s/ Damian K. Gunningsmith*
Damian K. Gunningsmith
Federal Bar No. ct29430
Alexander Kosakowski
Federal Bar No. ct31999
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Phone: (203) 777-5501
Fax: (203) 784-3199
dgunningsmith@carmodylaw.com
akosakowski@carmodylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM-ECF System.

/s/ Damian K. Gunningsmith
Damian K. Gunningsmith

6