**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

MINI STUDIO, INC.
Plaintiff, Counterclaim Defendant

3:26-cv-00103

v.

KEVIN WANSA and
THE MONSTER LIBRARY LLC
Defendants, Counterclaimants

v.

Youmna Chamcham,
Counterclaim Defendant

2026-10-01

**<u>Notice of Admissions by Mini Studio and Youmna Chamcham</u>**

On 2026-07-22, Monster Library served the following requests for admissions on Counterclaim Defendants Mini Studio and Youmna Chamcham through their counsel, Damian Gunningsmith, Esq. (dgunningsmith@carmodylaw.com). That day Monster Library also served interrogatories and requests for production.

Thirty days after was 2026-08-21. Counterclaim Defendants did not respond. By Rule 36, the requests are deemed admitted.

Yesterday, Monster Library sent a follow up e-mail to counsel regarding the requests for admissions, interrogatories, and requests for production. Counsel has not responded.

**1.** You underpaid Kevin Wansa by at least $50,000 during the course of his employment for you.

**2.** You paid the man Kevin Wansa between 25%-40% of what you previously paid the woman Kris Kashtanova to perform equivalent tasks, work equivalent hours, and carry equivalent responsibility.

**3.** During your employment of Ms. Kashtanova, Youmna Chamcham had sole authority to approve your compensation plans for employees.

**4.** During your employment of Mr. Wansa, Youmna Chamcham had sole authority to approve your compensation plans for employees.

**5.** When Mr. Wansa was hired, Youmna Chamcham had sole authority to approve your issuance of or changes to equity options.

**6.** In February 2024, Youmna Chamcham did not have sole authority to approve your issuance of or changes to equity options.

**7.** In January 2023, you granted Kevin Wansa an option to purchase 22,500 Mini Studio shares at the 409A valuation as of January 23, 2024.

**8.** You never effectively revoked, redeemed, canceled, or withdrew Kevin Wansa's option to purchase 22,500 Mini Studio shares.

**9.** In February 2024, Youmna Chamcham acknowledged that Kevin Wansa held an effective option to purchase 22,500 Mini Studio shares.

**10.** In February 2024, Youmna Chamcham terminated Kevin Wansa's employment with you in order to prevent him exercising his option to purchase 22,500 Mini Studio shares.

**11.** The alleged trade secrets that you assert Kevin Wansa misappropriated, were made publicly known by Kris Kashtanova before you hired Kevin Wansa in her place.

**12.** You cannot identify any "trade secrets" that you currently have that have not been made publicly known by Kris Kashtanova.

**13.** You cannot identify any "trade secrets" that you currently have that have not been made publicly known by persons other than Kevin Wansa.

**14.** You cannot identify any part of the PURP character that was created by a human author not using AI prompting.

**15.** You cannot identify any of your "copyright" works that was created by a human author not using AI prompting.

**16.** You generated the PURP copyright deposit using AI prompting.

**17.** You generated the PURP copyright deposit by a human author making a derivative work from a character generated using AI prompting.

**18.** Plaintiff cannot have a valid copyright in work produced by generative AI.

**19.** Defendants had no access to the allegedly infringed work at the time that defendants created the allegedly infringing work.

**20.** There is not substantial similarity between the allegedly infringed work and the allegedly infringing work.

**21.** The processes developed by Defendant Wansa for use by Mini Studio became common knowledge in the industry through no fault of Wansa, before he left employment with Mini Studio.

**22.** The non-compete provision is void under the law of Plaintiffs' domicile.

**23.** The confidentiality provision is void under the law of Plaintiffs' domicile to the extent it would prohibit defendant Wansa engaging in an otherwise lawful trade profession or business.

**24.** Plaintiffs suffered no damages from the alleged breach of loyalty, or cannot substantiate any damages from the alleged breach of loyalty.

**25.** Plaintiffs defamed defendants.

**26.** Plaintiffs tortiously interfered with defendants' business expectancies.

**27.** Plaintiffs unfairly competed with defendants.

**28.** Plaintiffs stole wages from defendant Wansa.

**29.** Plaintiffs failed to issue vested equity to defendant Wansa.

Respectfully,
*s/Alan Harrison*
Alan Harrison (ct29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460